**Nirmal Singh SANDHU, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 02–71947.
Agency No. A70–938–167.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 23, 2003.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Nirmal Singh Sandhu, a native and citizen of India, petitions for review of a final

---

3. *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

* This disposition is not appropriate for publication and may not be cited to or by the courts

order of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of deportation. We have jurisdiction under Section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1105a(a), as amended by Section 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"). *See* IIRIRA § 309(c)(4); *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition for review.

We must uphold the BIA's decision if it is supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To obtain reversal of a BIA decision, a petitioner must show that the evidence not only supports reversal, but compels it. *Id.,* n. 1. Because the parties are familiar with the facts, we will not recount them except as necessary.

■ We conclude that substantial evidence supports the BIA's determination that Sandhu did not establish that he suffered from past persecution. Sandhu was never detained, interrogated, or harmed by the police. He recites only one instance in which he had direct contact with authorities: he was chased from a demonstration he had attended. Although his father received threats on his behalf, Sandhu was never directly threatened by anyone. Under these circumstnaces, we cannot say that the evidence compels the conclusion that Sandhu established past persecution.

■ We also conclude that substantial evidence supports the BIA's determination that Sandhu lacks a well-founded fear of future persecution. Sandhu testified that he believes he would be detained, tortured, or possibly killed if he is forced to return

to India. He also testified that his father, who remains in India, has been interrogated about his whereabouts since his departure. Beyond this testimony, Sandhu has provided no evidence that would substantiate a fear of future persecution. Other members of Sandhu's family—including his father, mother, and spouse—have remained unharmed by the police in Punjab, notwithstanding their membership in the Khalistan party. Although the BIA could have concluded that Sandhu has a well-founded fear of future persecution, we cannot say that the evidence compels this conclusion.

Because Sandhu failed to establish statutory eligibility for asylum, he necessarily failed to satisfy the higher standard for withholding of deportation. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) (citation omitted).

Petition for review DENIED.

of this circuit except as provided by Ninth Circuit Rule 36–3.